**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SONIA IRENA AYALA BLAS VALLEJOS;
NICHOLAS LEONCIO VALLEJOS; PABLO
NICHOLAS VALLEJOS,

*Petitioners,*

v.

JOHN ASHCROFT, U.S. Attorney
General,

*Respondent.*

No. 03-1298

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-484-400, A70-508-460, A71-792-391)

Submitted: October 24, 2003

Decided: December 29, 2003

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Michael M. Hadeed, Jr., BECKER, HADEED, KELLOGG &
BERRY, P.C., Springfield, Virginia, for Petitioners. Peter D. Keisler,
Assistant Attorney General, Terri J. Scadron, Assistant Director, Rob-
bin K. Blaya, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nicholas Leoncio Vallejos, Sonia Irena Ayala Blas Vallejos, his wife, and Pablo Nicholas Vallejos, their son, petition this court for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) finding them removable as charged and denying their applications for asylum and withholding of removal. Nicholas is a native of Argentina who claims citizenship in both Argentina and Bolivia. Sonia and Pablo are both natives and citizens of Bolivia.

The Vallejoses challenge the IJ's finding, affirmed by the Board, that they failed to demonstrate that either Nicholas or Sonia suffered past persecution or possessed a well-founded fear of future persecution on account of a protected ground. The record supports the IJ's conclusion. *See* 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish eligibility for asylum); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite'" elements. *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *Elias-Zacarias*, 502 U.S. at 483-84). We have reviewed the administrative record, the IJ's decision, and the decision of the Board, and find that substantial evidence supports the Board's ruling that the Vallejoses failed to establish their refugee status.

Additionally, we uphold the denial of their application for withholding of removal. The standard for withholding is more stringent than that for asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). Because the Vallejoses fail to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*